MEMORANDUM **
Defendant Andrew Lee Harris (“Defendant”) appeals from the district court’s trial-related decisions: (1) denying severance of Count 4 (of a nine-count superseding indictment) pursuant to Federal Rule of Criminal Procedure 14(a);[1] (2) denying severance or bifurcation of Count 7 pursuant to Rules 8(a) and 14(a); and (3) both permitting the Government’s witness, Detective Greg Tomlinson, to testify as an expert, and precluding Defendant from *476 cross-examining that witness regarding a particular drug sweep. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
1. The district court did not abuse its discretion when it declined to sever Count 4. It permissibly determined that Defendant failed to show “that he ha[d] important testimony to give on some counts and a strong need to refrain from testifying on those he want[ed] severed.” United States v. Nolan, 700 F.2d 479, 483 (9th Cir. 1983). Defendant’s proffered testimony as to Count 4 amounted to a general denial of guilt, and his reasons for wanting to refrain from testifying on the other charges were equally applicable to Count 4. The district court thus acted within its discretion in determining that no severance was justified.
2. Count 7, which charged Defendant with being a felon in possession of a firearm, was properly joined under Federal Rule of Criminal Procedure Rule 8(a) in the superseding indictment because Counts 6 and 7, which charged the same crime, were of the same or similar character. See United States v. Rousseau, 257 F.3d 925, 932 (9th Cir. 2001). Because join-der was proper on the face of the indictment, United States v. Jawara, 474 F.3d 565, 572-73 (9th Cir. 2006), there was no reason to revisit the Rule 8(a) inquiry when the trial as to Count 6 was bifurcated.
Nor did the district court abuse its discretion when it denied Defendant’s motion to bifurcate Count 7 under Rule 14(a).[2] To the contrary, the district court permissibly declined to bifurcate Count 7 because, had the court granted Defendant’s request, the only evidence that would have been kept from the jury was a generic stipulation that Defendant had previously been convicted of a crime punishable by a sentence in excess of one year. Given the strength of the Government’s case, Defendant failed to show that, under these circumstances, a joint trial including Count 7 was manifestly prejudicial. See United States v. Lopez, 477 F.3d 1110, 1116 (9th Cir. 2007). Requiring bifurcation where, as here, the Government’s case was strong and the court took reasonable measures to prevent the jury from hearing the details of Defendant’s prior convictions, would essentially impose a per se rule against trying felon in possession counts with other charges.
The fact that the district court chose to bifurcate the trial as to the other felon in possession charge—Count 6—does not change the conclusion that refusing to bifurcate Count 7 was within the court’s discretion. As with Count 7, the district court could have permissibly refused to bifurcate Count 6 because permitting the parties to proceed by stipulation would have protected Defendant from manifest injustice as to that charge as well. Since the bifurcation of Count 6 was itself unnecessary, the court’s decision on that charge cannot compel the additional unnecessary bifurcation of Count 7. In sum, although it is difficult to reconcile the court’s decision to bifurcate one felon in possession charge but not the other, and although it is unclear from the record why the district court ruled inconsistently as to those charges, we nonetheless hold that declining to bifurcate Count 7 was not an abuse of discretion.
3. The district court properly undertook its gatekeeping function under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 *477 (1993), in determining that Detective Tom-linson was qualified to testify as an expert even without a Daubert hearing or expressly applying the Daubert factors. See United States v. Hankey, 203 F.3d 1160, 1169 (9th Cir. 2000). When the record is considered in its entirety, it is clear that the court knew a reliability finding was necessary and that, based on Detective Tomlinson’s background and experience, the court found his qualifications sufficient.
In addition, the district court permissibly limited Defendant’s cross-examination of Detective Tomlinson by sustaining the Government’s relevance objection to De-fendánt’s attempt to inquire into an unrelated drug sweep. That evidence was irrelevant, its introduction would have necessitated a disproportionate consumption of time and resources, and even without it Defendant still had sufficient opportunity to challenge the witness’s credibility and reliability. United States v. Larson, 495 F.3d 1094, 1103 (9th Cir. 2007). We did not consider the press release submitted by the Government in connection with these arguments, which was not part of the record below, and Defendant’s Motion to Strike that appendix is thus DENIED as moot.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Unless otherwise indicated, all further references to "Rule” or "Rules” are to the Federal Rules of Criminal Procedure.

. Defendant does not pursue here the claim raised below that Count 7 should have been severed under Rule 14(a). That contention would nonetheless fail for the same reasons as does his bifurcation argument,